## PAUL HOUGH *against* HENRY TROUTS.

### IN ERROR.

In an action of covenant upon a warranty of title contained in a deed of bargain and sale, the plaintiff offered in evidence the deed; a copy of an action of eject-ment by which he was evicted, together with depositions to prove that the evic-tion was from the same land as described in the deed ; which the Court over-ruled on the ground that it did not so identify the land as to support the plaintiff's cause of action. *Held* to be error.

ERROR to the Common Pleas of Westmoreland county.

This was an action of covenant, in which the plaintiff in error was the plaintiff below. The whole case is fully stated in the opinion of the Court.

*Armstrong* and *J. B. Alexander* for plaintiff in error.

*A. W. Foster* for defendant in error.

The opinion of the Court was delivered by

SMITH, J.—This was an action of covenant, brought by the plaintiff in error, against the defendant to recover damages for the breach of certain covenants entered into by *Henry Trouts* in his life-time. The plaintiff declared, that on the 25th of August, 1806, the testator, *Henry Trouts* and *Catharine* his wife, by in-denture in consideration of $530, granted, bargained, sold, re-leased and confirmed to him in fee, a tract of land in Fairfield county, in the state of Ohio, in the first quarter of the fourth township and fourteenth range, &c. known as No. 8, containing 168 acres and 76 perches, and covenanted therein, " that he would warrant and forever defend the tract of land, against them, the said *Henry* and *Catharine,* their heirs executors, administrators and assigns, and against all and all manner of persons, laying law-ful claim thereto. And that he, the said *Henry Trouts* was the proper, true, sole and lawful owner and possessor of the said granted premises, and had in himself, good right, full power and lawful authority to grant, bargain and sell the same, and to hold the same free and clear from all other gifts and incumbrances, and that he would warrant and secure the same against the lawful claims and demands of all other person whatsoever:" and averred, that the said *Henry Trouts,* was not the true and lawful owner, and had no power to grant, bargain and sell the same; that it was not free and clear from other gifts, grants and incumbrances, but

(Paul Hough *v.* Henry Trouts.)

that the title and freehold was in other persons, to wit, in *Alexander Holmes* ahd *William Stanberry*, who on an ejectment for the same, obtained a judgment, and recovered the possession thereof, and evicted the said *Paul Hough*, and that he thereby lost the said land.

The pleas were *non est factum, non infregit conventiones*, and covenants performed, with leave to add.

On the trial, the plaintiff offered to read the indenture of the 25th of August, 1806, which had been acknowledged, before *Jacob Painter*, a judge of the Court of Common Pleas of the county of Westmoreland, to which the defendant objected. It appeared that *Jacob Painter* was the only witness to the deed, and was dead; and an offer being made by the plaintiff to prove his signatures to the deed, the receipt and acknowledgment to be his proper hand writing, the defendant admitted them to be so, when the plaintiff again offered to read the deed in evidence; but the Court rejected it, to which the plaintiff took an exception.

A certified copy of the said deed from the office of the recorder of deeds of Fairfield county in the state of Ohio, together with the depositions of *James Holmes* and *William W. Gault*, taken on a commission, and also a copy of the record of the proceedings in the Supreme Court of the state of Ohio duly certified, were then by the plaintiff offered in evidence; to which the defendant also objected, and they were by the Court rejected, and a further exception was taken by the plaintiff.

It appeared, that the object of the above stated depositions, was, to identify the land ; to prove that the ejectment filed in the record was brought for it ; and that the final recovery in the same, was on a title adverse to that of *Henry Trouts*, set forth in the deed and declaration of the plaintiff.

In this Court, the rejection of all this evidence, is assigned for error by the plaintiff; and for the rejection of it, he asks a reversal of the judgment of the Court of Common Pleas. No ground is stated why the evidence offered was rejected; at least, none is given in the record returned to this Court. However, it does appear to us, that the whole of the evidence offered, was clearly admissible. On the agreement here, the defendant in error alleged that the objections to the admission of the deed were, that it was not the same as the one declared on, and that it was not of the same date. But this objection appears not to be founded in fact; for the deed declared on, is by and between the aforesaid parties, and bears date the 25th of August, 1806. The one offered, is between the same parties, and of the aforesaid date ; so that it would appear to be the same, and ought to have gone in evidence to the jury;—besides, the plaintiff offered to prove the identity of the land mentioned and conveyed in the deed,

(Paul Hough *v.* Henry Trouts.)

and that the same had been recovered by ejectment from the present plaintiff, whereby he had lost it.   Against all this, *Henry Trouts,* in his deed to *Paul Hough*, had covenanted; for he had expressly agreed, to warrant and defend the land against all, and all manner of, persons; that moreover, he was the sole and true owner and possessor thereof, and had *full* power to sell it.   Then under such covenants—of ownership—seisin—power to sell—peaceable enjoyment—freedom from incumbrances, &c. if the vendee should be evicted, he clearly can recover damages for his loss. For this, the plaintiff instituted this action, and the evidence he offered, went to prove it; but the Court rejected the very testimony which had been offered to prove and establish the defendant's covenants; and in the next place, the evidence offered to prove the breach of his covenants.   In this, we think there was error.

Judgment reversed, and a *venire facias de novo* awarded.